UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID SIMON, as Executor of the Estate of
MARION SIMON and as Limited
Administrator of the Estate of JACOB
SIMON, Decedents,

                          Plaintiff,                  Case # 19-CV-6386 FPG
                                                       DECISION AND ORDER

v.

NINGBO LIQI ELECTRICAL
APPLIANCES CO., LTD., GENEVA
INDUSTRIAL GROUP, INC.,
WALMART, INC., f/k/a WAL-MART
STORES, INC., and WAL-MART STORES
EAST, LP,
                          Defendants.
_____

## INTRODUCTION

On March 1, 2019, Plaintiff David Simon sued the defendants in state court for designing, manufacturing, distributing, and selling a space heater that malfunctioned and caused a fire, killing the decedents, Marion and Jacob Simon. ECF No. 1-2. On April 23, 2019, Plaintiff served Walmart, Inc., and Wal-Mart Stores East, LP (collectively "Walmart"). ECF No. 3-3. On May 23, 2019, Walmart removed the case to this Court based on diversity jurisdiction. ECF No. 1. On June 10, 2019, Plaintiff moved to remand the case to state court, arguing that Walmart's notice of removal failed to include the written consent of the other defendants as required by 28 U.S.C. § 1446(b)(2)(A). ECF No. 3. In response, on June 25, 2019, Walmart filed the required written consent, and on July 3, 2019, it filed an amended notice of removal. ECF Nos. 8-1, 8-2, 12. Because the Court finds that Walmart's June 25 and July 3 filings timely cured the lack of consent in its original notice of removal, Plaintiff's motion to remand is DENIED.

**DISCUSSION**

A federal district court has diversity jurisdiction over actions involving citizens of different states and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). A defendant seeking removal based on diversity jurisdiction "must obtain the consent of all other defendants and document that consent in its moving papers." *Shemiran Co. LLC v. Jordan*, No. 1:19-CV-6858 (CM), 2019 U.S. Dist. LEXIS 139689, at *6 (S.D.N.Y. Aug. 19, 2019). The deadline to do so is typically 30 days from the defendant's receipt the initial pleading, but if the initial pleading does not state a removable case, then the deadline is 30 days from the defendant's receipt of the first paper from which it may be ascertained that the case is removable. 28 U.S.C. §§ 1446(b)(1), (3).

To trigger § 1446(b)'s removal clocks, an initial pleading or other paper must "explicitly specif[y] the amount of monetary damages sought or set forth facts from which an amount in controversy in excess of [$75,000] can be ascertained." *Cutrone v. Mortg. Elec. Registration Sys.*, 749 F.3d 137, 145 (2d Cir. 2014). The Second Circuit has characterized this as a bright-line rule which relieves the defendant from having to "read the complaint and guess the amount of damages that the plaintiff seeks." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010).

Here, Plaintiff's complaint undisputedly did not specify the amount of damages sought.[1] Plaintiff argues, however, that "a defendant must still apply a 'reasonable amount of intelligence' to its reading of a plaintiff's complaint." *Cutrone*, 749 F.3d at 145. Even so, a defendant's ability to discern that a complaint seeks over $75,000 in damages does not necessarily mean that the complaint stated a removable case. *Cutrone's* instruction that a defendant must apply a

---

[1] New York Civil Practice Law and Rules § 3017(c) prohibits personal injury and wrongful death complaints from stating the amount of damages claimed. Thus, the complaint here alleged that the decedents "underwent periods of extreme fear and terror," "sustained severe and painful personal injuries," and died; and that the Plaintiff "claim[ed] damages in an amount which exceeds the jurisdictional limit of all lower courts." ECF No. 1-2.

"reasonable amount of intelligence" to its reading of a plaintiff's complaint does not negate *Moltner's* bright-line rule.

Accordingly, following *Moltner* and *Cutrone*, courts in the Second Circuit have held that complaints lacking an explicit statement of damages do not trigger § 1446(b)(1)'s removal clock even where, as here, the defendant might have been able to "reasonably discern from the complaint that the damages sought will meet the amount-in-controversy requirement." *Castillejo v. BJ's Wholesale Club, Inc*., No. 16-CV-6973 (VSB), 2017 U.S. Dist. LEXIS 70750, at *7 (S.D.N.Y. May 9, 2017) (finding that complaint which described plaintiff's various injuries but did not specify amount in controversy did not trigger removal clock); *see also, e.g.*, *Brumfield v. Merck & Co*., No. 17-CV-6526 (JFB)(ARL), 2018 U.S. Dist. LEXIS 77640, at *10 (E.D.N.Y. Apr. 25, 2018) (remanding where complaint alleged serious injuries and stated that the amount in controversy exceeded the limit of all lower courts, but lacked a definite statement of damages).

Furthermore, "courts apply the 'reasonable amount of intelligence' rule in narrow circumstances." *Estrada v. Diversicare Hillcrest, LLC*, No. A-17-CA-00032-SS, 2017 U.S. Dist. LEXIS 49196, at *9 (W.D. Tex. Mar. 30, 2017). For example, several circuit courts have interpreted the rule as requiring a defendant to engage in simple mathematical calculations to determine the amount in controversy. *See Graiser v. Visionworks of Am., Inc*., 819 F.3d 277, 285 (6th Cir. 2016); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013); *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 75 (1st Cir. 2014).

Accordingly, here, because Plaintiff's complaint "claimed no specific amount of damages at all," *Mitilinios v. Costco Wholesale Corp*., No. 17-CV-5306 (AMD) (SMG), 2018 U.S. Dist. LEXIS 16861, at *8 (E.D.N.Y. Jan. 31, 2018), the Court finds that it did not state a removable case under *Moltner* and *Cutrone* and thus did not trigger § 1446(b)(1)'s removal clock.

Next, Plaintiff argues that, because Walmart ascertained removability from the complaint and exercised its right to remove the action even though the complaint had not triggered § 1446(b)(1)'s removal clock, Walmart is "bound" by its notice of removal and may not now amend it to cure the lack of consent. But this argument conflates the right to remove a case with the requirement of timely removal. In *Cutrone*, the Second Circuit explained that

> [t]he moment a case becomes removable and the moment the 30-day removal clock begins to run are not two sides of the same coin. Thus, even if a defendant *could* remove immediately upon the filing of a complaint . . . , a complaint . . . that does not explicitly convey the removability of a case does not trigger the removal clocks of 28 U.S.C. §§ 1446(b)(1) and (b)(3).

749 F.3d at 146 (internal citations and quotation marks omitted). Thus, *Cutrone* held that "[s]ection 1446(b) imposes a time limit only in cases in which the plaintiff's initial pleading or subsequent document has explicitly demonstrated removability" and that "[d]efendants are permitted to remove outside of these periods when the time limits of 28 U.S.C. § 1446(b) are not triggered." *Id.* at 147. Here, even though Plaintiff's complaint did not explicitly demonstrate removability, Walmart was permitted to remove "independently" and § 1446(b)(1)'s removal clock remained untriggered.

Accordingly, the Court finds that Walmart was not required to file its consent documentation within 30 days of service of the complaint, *i.e.* by May 23, 2019. The removal clock did not begin to tick (if at all) until June 10, 2019, when Plaintiff filed his remand papers acknowledging that the amount in controversy exceeds $75,000. *See* § 1446(b)(3). Thus, Walmart's June 25, 2019 submission of written consent timely cured the defect in its original notice of removal. *See Bedminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc*., No. 12 Civ. 5557 (JPO), 2013 U.S. Dist. LEXIS 42678, at *21 (S.D.N.Y. Mar. 26, 2013) (holding that the other defendants must either sign the notice of removal or subsequently submit written consent

4

within 30 days, and noting that amendments to cure substantive defects must be accomplished within 30 days). Alternatively, Walmart's July 3, 2019 amended notice of removal was timely.

## CONCLUSION

For the reasons stated, Plaintiff's motion for remand (ECF No. 3) is DENIED.

IT IS SO ORDERED.

IT IS SO ORDERED.

Dated: October 15, 2019
      Rochester, New York

                                        HON. FRANK P. GERACI, JR.
                                        Chief Judge
                                        United States District Court